[No. C070571. Third Dist. Dec. 19, 2012.]

V & P TRADING CO., INC., Plaintiff and Appellant, v.
UNITED CHARTER, LLC, et al., Defendants and Respondents.

128

**COUNSEL**

Haydel & Ornellas and Douglas A. Haydel for Plaintiff and Appellant.

Phillips, Spallas & Angstadt, Robert K. Phillips and Carla Vasques dos Santos-Moore for Defendants and Respondents.

**OPINION**

**ROBIE, J.**—In this premises liability case, the trial court denied a motion by plaintiff V & P Trading Co., Inc. (V & P), to compel defendants United Charter, LLC, and Raymond Zhang (jointly United Charter) to answer a set of special interrogatories and awarded monetary discovery sanctions to United Charter because V & P was a suspended corporation that lacked the capacity to prosecute the action when the motion to compel was filed. Subsequently, the trial court granted summary judgment to United Charter based on the statute of limitations because the limitations period had run while V & P was suspended.

On appeal, V & P contends the trial court erred in denying the motion to compel and in granting summary judgment because United Charter waived the defense of V & P's lack of capacity to sue by failing to plead that defense in its answer. V & P also contends that, in any event, the trial court abused its discretion in awarding discovery sanctions because United Charter did not

raise V & P's lack of capacity to sue until after V & P filed its motion to compel, and based on that fact V & P acted with substantial justification in filing the motion.

We conclude the trial court did not err in granting summary judgment to United Charter, which would make the denial of the motion to compel moot except that the denial of the motion to compel has a bearing on the sanctions issue. Because we conclude the trial court erred in denying the motion to compel, we likewise conclude the trial court erred in awarding sanctions against V & P and its attorney. Accordingly, we will reverse the sanctions award but otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

V & P is a closely held California corporation, solely owned by Raeef Ohan, who is also the corporation's president. V & P's powers, rights, and privileges as a California corporation were suspended by the Franchise Tax Board on December 3, 2007, because V & P failed to file a tax return and/or failed to pay taxes, penalties, or interest.

On March 5, 2008, goods that V & P was storing in a warehouse owned by United Charter were allegedly damaged and/or destroyed by rain when the roof on the warehouse was removed.

On August 3, 2010, V & P commenced this action against United Charter to recover damages for the loss of its goods. In its answer to the complaint, apparently filed sometime in September 2010, United Charter denied the allegations of the complaint and asserted (among others) the affirmative · defense of the statute of limitations. United Charter did not assert as a defense V & P's lack of capacity to prosecute the action because its corporate status had been suspended.

In December 2010, V & P served a set of special interrogatories on United Charter. When United Charter failed to answer those interrogatories, V & P filed a motion to compel in April 2011. United Charter filed its opposition to the motion sometime in the middle of May. The basis of United Charter's opposition was that V & P's corporate status was suspended and therefore V & P was "simply not allowed to proceed with litigation." United Charter sought an award of $1,237.50 in monetary discovery sanctions on the ground that V & P's motion to compel was a misuse of the discovery process and was without substantial justification because of V & P's suspended status.

In reply, V & P's attorney and Ohan attested that they were unaware of the suspended status of the corporation until they received United Charter's

opposition to the motion to compel on May 16. V & P argued that United Charter could not use V & P's suspended status as a defense to the motion to compel because United Charter had not pleaded V & P's lack of capacity to sue in the answer to the complaint. V & P also argued that, in any event, an award of sanctions would be improper because United Charter had not raised the issue of V & P's corporate status until United Charter filed its opposition to the motion to compel.

The trial court denied the motion to compel without prejudice and awarded the requested sanctions to United Charter against V & P and its attorney because of V & P's suspended status.

On June 21, 2011, the suspension of V & P's corporate status was lifted. In July 2011, United Charter moved for summary judgment based on the statute of limitations. United Charter argued that the three-year limitations period began to run on March 5, 2008, and the filing of the complaint in August 2010 did not toll the running of the limitations period because of V & P's suspended status; accordingly, the statute of limitations ran on March 6, 2011.

In opposing the motion for summary judgment, V & P argued that because United Charter did not plead in its answer V & P's lack of capacity to sue due to the suspension of its corporate status, United Charter waived that defense and therefore could not rely on it in seeking summary judgment based on the statute of limitations.

The trial court granted summary judgment, concluding that V & P was "mischaracteriz[ing] the basis for" the motion. According to the court, United Charter does "not argue that V & P lacks the capacity to sue and/or that V & P's corporate powers are currently suspended. [United Charter] concede[s] that V & P revived its corporate powers 'sometime in June 2011.' . . . Instead, [United Charter] rest[s its] Motion for Summary Judgment on the substantive defense that the statute of limitations ran while V & P's corporate powers were suspended. . . . Whether V & P currently has the capacity to sue and whether [United Charter] may raise its incapacity to sue as a defense are not at issue; V & P's complaint for premises liability/negligence is time-barred because the limitations period expired before V & P revived its corporate powers." (Boldface omitted.) From the subsequent judgment in favor of United Charter, V & P timely appealed.

## DISCUSSION

### I

*Summary Judgment*

On appeal, V & P contends the trial court erred in granting United Charter's motion for summary judgment because United Charter never asserted the affirmative defense of lack of capacity to sue and therefore waived that defense, compelling the conclusion that V & P's complaint was timely filed. We disagree.

█ Revenue and Taxation Code section 23301 provides that the corporate powers, rights, and privileges of a domestic taxpayer may be suspended if the corporation fails to pay certain taxes, penalties, or interest. "A corporation which has been suspended pursuant to section 23301 is without capacity to prosecute a civil action while suspended." (*Welco Construction, Inc. v. Modulux, Inc.* (1975) 47 Cal.App.3d 69, 71 [120 Cal.Rptr. 572].) "Revenue and Taxations Code section 23305a provides for a certificate of revivor upon appropriate application by a corporation, and 'Upon the issuance of such certificate by the Franchise Tax Board the taxpayer therein named shall become reinstated but such reinstatement shall be without prejudice to any action, defense or right which has accrued by reason of the original suspension . . . .' " (*Welco*, at p. 71, italics omitted.) While "procedural acts in the prosecution . . . of a lawsuit may be validated retroactively by the corporate revival," "[t]he statute of limitations is not a procedural right but is a substantive defense." (*Id.* at p. 73, italics omitted.) Thus, a corporation's filing of a complaint at a time when the corporation's powers, rights, and privileges have been suspended does not operate to toll the running of the statute of limitations. (*Id.* at pp. 73–74.) "[I]f the statute runs prior to revival, the action is time barred." (*Center for Self-Improvement & Community Development v. Lennar Corp.* (2009) 173 Cal.App.4th 1543, 1554 [94 Cal.Rptr.3d 74].)

V & P does not dispute "that the statute of limitations is a substantive defense [that] is not tolled by the filing of a complaint by a suspended corporation and that revival of the corporate powers does not retroactively validate the complaint filing." V & P argues, however, that because United Charter's "statu[t]e of limitations defense is ineffective absent the tolling of the statute due to V & P's suspension of corporate powers," United Charter had to plead "the affirmative defense of [lack of] capacity to sue" in order to

rely on the defense of the statute of limitations. In V & P's view, "[a]bsent the defense of lack of capacity to sue due to suspension of corporate powers, [United Charter]'s statute of limitations defense fails."

For its part, United Charter argues that "[i]t is immaterial . . . whether [United Charter] asserted in [its] answer to [V & P]'s complaint the affirmative defense of lack of capacity to sue" "because the defense which accrued to [United Charter]'s benefit (and [V & P]'s prejudice) was a statute of limitations defense." United Charter contends "[t]here simply is no . . . case" that supports V & P's contention "that [United Charter's] statute of limitations defense failed because the defense of lack of capacity to sue was not asserted in the[] answer."

█ Before addressing the parties' arguments directly, we pause to explain some general principles regarding the defense of lack of capacity to sue. "[A] plea of lack of capacity of a corporation to maintain an action by reason of a suspension of corporate powers for nonpayment of its taxes 'is a plea in abatement[1] which is not favored in law, is to be strictly construed and must be supported by facts warranting the abatement' at the time of the plea." (*Traub Co. v. Coffee Break Service, Inc.* (1967) 66 Cal.2d 368, 370 [57 Cal.Rptr. 846, 425 P.2d 790].) "A plea in abatement, without disputing the justness of plaintiff's claim, objects to the place, mode, or time of asserting it and requires *pro hac vice* that the judgment be given for the defendant, leaving it open to renew the suit in another place, or form, or at another time." (*Nevills v. Shortridge* (1905) 146 Cal. 277, 278 [79 P. 972].)

█ "[A] plea in abatement such as lack of capacity to sue 'must be raised by defendant at the earliest opportunity or it is waived. . . . The proper time to raise a plea in abatement is in the original answer or by demurrer at the time of the answer.' " (*Color-Vue, Inc. v. Abrams* (1996) 44 Cal.App.4th 1599, 1604 [52 Cal.Rptr.2d 443].) This principle derives from the governing provisions in the Code of Civil Procedure. Under those provisions, a defendant may object to a complaint by demurrer or answer on the ground that

---

[1] The term "plea in abatement" is merely a descriptive term used to describe certain objections that may be raised by a defendant in an action. "The plea in abatement, as such, known to the common law and recognized by statute in some of the states, has no existence as a doctrine or remedy in California. The terms abate and abatement are not defined by statute and neither has any specific application to any statutory procedure. The plea in abatement is neither actual nor real and therefore, at most, can be regarded only in the abstract as distinguished from the concrete. The phrase is useful only and merely as descriptive of the substance, purpose and effect of a pleading, motion, order or judgment." (*Burnand v. Irigoyen* (1943) 56 Cal.App.2d 624, 628–629 [133 P.2d 3].)

"[t]he person who filed the pleading does not have the legal capacity to sue." (Code Civ. Proc., § 430.10, subd. (b).) The objection may be raised by demurrer when the ground for objection appears on the face of the complaint or from any matter that is subject to judicial notice; otherwise, the objection may be raised by answer. (*Id.*, § 430.30, subds. (a) & (b).) "If the party against whom a complaint . . . has been filed fails to object to the pleading, either by demurrer or answer, that party is deemed to have waived the objection unless it is an objection that the court has no jurisdiction of the subject of the cause of action alleged in the pleading or an objection that the pleading does not state facts sufficient to constitute a cause of action." (*Id.*, § 430.80, subd. (a).) Thus, "if it appear[s from the face of the complaint] that plaintiff has not the legal capacity to sue, the objection . . . must be taken by demurrer, or is waived. If th[is] matter[] do[es] not appear on the face of the complaint, any objection or defense as to [it] must be taken advantage of by answer, or is deemed to be waived." (*Tingley v. Times Mirror* (1907) 151 Cal. 1, 13 [89 P. 1097].)

It is clear from the foregoing that where the lack of capacity to sue does not appear on the face of the complaint, lack of capacity to sue must be raised in the answer or that objection is waived.[2] Here, however, V & P contends that lack of capacity to sue must be raised in the answer even when the defendant is not relying on the lack of capacity to sue per se as a defense to the action, but is instead relying on the statute of limitations, which ran because of the suspension of the plaintiff corporation's powers. In other words, V & P contends that where a statute of limitations defense is viable only because the plaintiff corporation was suspended when it filed its complaint and the statute ran before the plaintiff revived its corporate powers, for the defendant to rely on that defense the defendant must plead in its answer not only the defense of the statute of limitations but also the defense of lack of capacity to sue.

■ As United Charter has pointed out, there is no case law supporting V & P's assertion. The case upon which V & P primarily relies—*Color-Vue, Inc. v. Abrams, supra*, 44 Cal.App.4th 1599—did not involve a statute of limitations defense and therefore cannot be construed as compelling, or even supporting, the conclusion V & P advocates here. (See *Contra Costa Water Dist. v. Bar-C Properties* (1992) 5 Cal.App.4th 652, 660 [7 Cal.Rptr.2d 91] ["Opinions are not authority for issues they do not consider."].)

---

[2] A defendant that fails to plead the plaintiff's lack of capacity to sue in its answer at the outset of an action may seek leave to amend the answer to add that objection, but to succeed on such a motion the defendant must make "some showing tending to relieve it from the effect of the [original] waiver," such as a showing "that the defendant had acquired information of the facts subsequent to the filing of the original answer, or, if it then knew of them, its failure to interpose them was inadvertent." (*Tingley v. Times Mirror, supra*, 151 Cal. at pp. 13–14.)

In *Color-Vue,* on the first day of trial the defendants moved to dismiss the action because the plaintiff corporation had been suspended for failure to pay its franchise taxes nearly a year and one-half earlier, during the pendency of the proceeding. (*Color-Vue, Inc. v. Abrams, supra,* 44 Cal.App.4th at p. 1602.) The plaintiff moved for a continuance to allow it to pay its taxes and have its corporate powers revived; the trial court denied that motion and instead granted the motion to dismiss the action. (*Ibid.*) On appeal, the appellate court concluded that "the trial court abused its discretion in denying Color-Vue's request for a continuance" because "lack of capacity to sue is a technical objection which must be pleaded specifically. Color-Vue was entitled to rely on [the defendants'] silence on this issue. It was [the defendants] who lacked diligence, not Color-Vue." (*Id.* at p. 1606.)

◼ Nothing in *Color-Vue* speaks directly to the question presented here. Beyond *Color-Vue,* however, V & P offers us no authority to support its argument. But while we are left without any authority directly on point, we are not left without any principles on which to decide the disputed issues. From the authorities considered above, we discern that the lack of capacity to sue is a defense—or, more accurately, in the terminology of the Code of Civil Procedure, an objection—that is separate and distinct from the defense of the statute of limitations. By raising the objection that the plaintiff corporation lacks the capacity to sue because its corporate powers have been suspended, the defendant does not seek a final resolution of that claim, but instead seeks only to avoid further prosecution of the claim *at that time,* "leaving it open [for the plaintiff] to renew the suit . . . at another time" (*Nevills v. Shortridge, supra,* 146 Cal. at p. 278)—namely, when the plaintiff's corporate powers have been revived. The defense of the statute of limitations is entirely different. When the statute of limitations has run, the action is barred once and for all and cannot be renewed at another time. As the trial court recognized here, by asserting the statute of limitations the defendant is not claiming that the plaintiff lacks the capacity to sue at the present time but is instead asserting that the defendant's claim is barred and cannot be further prosecuted, now or *ever.*

◼ Even when, as here, the statute of limitations defense relies on the fact that the plaintiff corporation's corporate powers were suspended when the complaint was filed and the suspension continued through the time the statute ran, the statute of limitations defense is distinct from an objection based on the lack of capacity to sue. Although both the former defense and the latter objection are premised generally on the suspension of the corporation's powers, the objection relies on the fact that the corporation's powers are *currently* suspended (i.e., at the time the objection is raised), while the defense relies on the fact that the corporation's powers *were* suspended (i.e., before the complaint was filed and up through the time the statute of limitations ran). The fact that the defense of the statute of limitations and the

objection of lack of capacity to sue share the common fact of suspension of the plaintiff corporation's powers—albeit at different points in time—does not make the defense and the objection intertwined such that the defendant cannot raise the former without also raising the latter.

■ Based on the foregoing reasoning, we conclude that United Charter did not have to plead the separate objection of V & P's lack of capacity to sue in order to rely on the defense of the statute of limitations (which United Charter *did* plead) in support of its motion for summary judgment. Accordingly, the trial court did not err in granting the motion for summary judgment on the ground that the action was time-barred.

II

*Discovery Sanctions*

Because we have concluded that summary judgment was properly granted in this case, the propriety of the trial court's ruling on the motion to compel United Charter to answer V & P's special interrogatories is, by itself, moot. Thus, the only question that remains is the propriety of the discovery sanctions. The trial court purported to sanction V & P and its attorney for misuse of the discovery process (Code Civ. Proc., § 2023.030, subd. (a)) *and* for unsuccessfully making a motion to compel without substantial justification (Code Civ. Proc., § 2030.290, subd. (c)). It appears, however, that the only basis for the trial court's conclusion that V & P and its attorney misused the discovery process was that they unsuccessfully made the motion to compel *without substantial justification.* (See Code Civ. Proc., § 2023.010, subd. (h) ["Misuses of the discovery process include" "[m]aking . . . , unsuccessfully and without substantial justification, a motion to compel"].) Accordingly, we must review whether the trial court erred in awarding sanctions based on V & P's unsuccessful motion to compel.

■ "The court shall impose a monetary sanction . . . against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel a response to interrogatories, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (Code Civ. Proc., § 2030.290, subd. (c).) Under this provision, a necessary predicate to the award of monetary sanctions against a party who filed a motion to compel is that the motion was unsuccessful. The motion here *was* unsuccessful, but obviously if the trial court erred in denying the motion, then the predicate was erroneously

established, and the error in denying the motion to compel necessarily makes the award of sanctions erroneous as well. Consequently, we turn to whether the trial court erred in denying the motion to compel.

The trial court denied the motion to compel because V & P's corporate powers were suspended when it made the motion. V & P argues, however, that "[b]ecause [United Charter] had not asserted the affirmative defense [of] lack of capacity to sue based on suspension of corporate powers at the time the motion to compel . . . was filed, the filing of such motion was entirely proper." For its part, United Charter suggests that it did not have to assert such a defense in order to successfully oppose the motion to compel because "[a]s a suspended corporation, [V & P] lacked the ability to prosecute the action."

V & P has the better argument here. Unlike its summary judgment motion, United Charter's opposition to the motion to compel was based entirely on V & P's then present lack of capacity to prosecute its action because of the suspension of its corporate powers. As we have previously noted, the "lack of capacity to sue 'must be raised by defendant at the earliest opportunity or it is waived. . . . The proper time to raise [this objection] is in the original answer or by demurrer at the time of the answer.' " (*Color-Vue, Inc. v. Abrams, supra,* 44 Cal.App.4th at p. 1604.)

United Charter cites no authority that would allow it to raise V & P's lack of capacity to sue as a basis for opposing a motion to compel without pleading that defense in its answer. Nor did United Charter offer in the trial court in opposition to V & P's motion to compel any explanation for the lateness with which it was raising V & P's lack of capacity to sue based on the suspension of its corporate powers. It has been noted that where the defendant fails to assert a plea in abatement at the outset of litigation, " ' "the court will be rarely justified in permitting the defense to be made later." ' " (*Vitug v. Griffin* (1989) 214 Cal.App.3d 488, 493 [262 Cal.Rptr. 588].) In the absence of any showing by United Charter as to why it did not raise V & P's lack of capacity to sue until more than nine months after the action was commenced, and only then in opposition to V & P's motion to compel answers to interrogatories, we conclude United Charter was not entitled to raise V & P's lack of capacity as a basis for opposing the motion to compel. As that was the only basis for United Charter's opposition, it follows that the trial court should have granted the motion to compel, and since V & P should have prevailed on the motion, the necessary predicate of an unsuccessful motion to compel does not exist to uphold the award of monetary sanctions against V & P and its attorney. Accordingly, we will reverse the sanctions order.

## DISPOSITION

The order awarding United Charter monetary discovery sanctions is reversed, but in all other respects the judgment is affirmed. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(3).)

Nicholson, Acting P. J., and Butz, J., concurred.