Filed 6/26/14  Shaheen Dublin v. Haroutoonian CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| SHAHEEN DUBLIN, LLC,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>ROBERT HAROUTOONIAN,<br><br>      Defendant and Appellant. | A138839<br><br>(Alameda County<br>Super. Ct. No. VG10509664) |

## I.  INTRODUCTION AND BACKGROUND[1]

In April 2010, plaintiff Shaheen Dublin, LLC sued defendant Robert Haroutoonian for breach of a commercial lease.  The lease refers to the landlord as "Dublin/Shaheen, LLC," instead of using plaintiff's correct name (Shaheen Dublin, LLC).

On February 13, 2013, plaintiff moved under Code of Civil Procedure[2] section 664.6 for entry of judgment pursuant to a settlement reflected in a written stipulation signed by the parties in July 2011.  The stipulation uses, in different locations, the names Shaheen Dublin, LLC and Dublin/Shaheen, LLC.  The trial court concluded the stipulation was a writing, signed by plaintiff and Haroutoonian, "for settlement of the case," pursuant to which the court could enter judgment in plaintiff's favor under section 664.6.  The court granted plaintiff's motion and entered judgment for plaintiff and against Haroutoonian, and dismissed other defendants.

---

[1] We provide additional background facts in the sections of this opinion addressing the parties' arguments on appeal.

[2] All undesignated statutory references are to the Code of Civil Procedure.

1

On appeal, Haroutoonian contends (as he did in opposition to plaintiff's section 664.6 motion) that, under Business and Professions Code section 17918, plaintiff's use of the fictitious business name (FBN) Dublin/Shaheen, LLC without filing a fictitious business name statement (FBN statement) precludes plaintiff from maintaining this action. We conclude Haroutoonian waived this objection by failing to raise it earlier in the trial court proceedings. We therefore affirm.

## II. DISCUSSION

### A. Haroutoonian Waived His Objection Based on the FBN Statutes

"Code of Civil Procedure section 664.6 provides a summary procedure to enforce a settlement agreement by entering judgment pursuant to the terms of the settlement. [Citation.] Section 664.6 states that if the parties to pending litigation enter into a settlement either in a writing signed by the parties or orally before the court, the court, upon a motion, may enter judgment pursuant to the terms of the settlement."[3] (*Hines v. Lukes* (2008) 167 Cal.App.4th 1174, 1182.)

As noted, Haroutoonian contends the court should not have entered judgment pursuant to section 664.6 because, under Business and Professions Code section 17918, plaintiff's use of an FBN (Dublin/Shaheen, LLC) precludes it from maintaining this action. A partnership, corporation, limited liability company or individual doing business under a fictitious name must file an FBN statement. (Bus. & Prof. Code, §§ 17910, 17915; see *id.* §§ 17900, subd. (b)(5), 17902.) Business and Professions Code section 17918 provides: "No person transacting business under a fictitious business name contrary to the provisions of this chapter . . . may maintain any action upon or on account of any contract made, or transaction had, in the fictitious business name in any court of this state until the fictitious business name statement has been executed, filed, and

---

[3] Section 664.6 states: "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."

2

published as required by this chapter. . . ." Haroutoonian argues plaintiff has not filed an FBN statement for the name Dublin/Shaheen, LLC, and therefore may not maintain an action based on any contract or transaction it entered in that name (such as the underlying lease), until it files the required statement. The trial court concluded Haroutoonian's objection on this ground was untimely. We agree.

A defendant's objection that a plaintiff has not complied with the FBN filing requirements is an objection that the plaintiff lacks the capacity to sue. (See *Bryant v. Wellbanks* (1927) 88 Cal.App. 144, 152; 5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, §§ 1133, 1135, pp. 559, 560–561.) Under the Code of Civil Procedure, a defendant who wishes to object that the plaintiff lacks the capacity to sue must raise the objection by demurrer (if the lack of capacity appears on the face of the complaint) or in the answer (if the lack of capacity does not appear on the face of the complaint); if the defendant does not do so, the objection is waived. (§§ 430.10, subd. (b), 430.30, subds. (a) & (b), 430.80, subd. (a); *V & P Trading Co., Inc. v. United Charter, LLC* (2012) 212 Cal.App.4th 126, 133–134; accord, *Bryant v. Wellbanks, supra,* at p. 152.)

Applying these principles, Haroutoonian waived any objection that plaintiff lacked the capacity to sue based on noncompliance with the FBN statutes. Haroutoonian did not demur to the complaint. In his answer, filed in June 2010, he asserted several affirmative defenses, but did not include an affirmative defense that plaintiff lacked the capacity to sue. Haroutoonian's affirmative defense asserting generally that the complaint failed to state a cause of action was not sufficient to raise the defense of lack of capacity to sue. (*Color-Vue, Inc. v. Abrams* (1996) 44 Cal.App.4th 1599, 1605.) Haroutoonian never sought leave to amend his answer to add such a defense. (See *id.* at p. 1604, fn. 5.) In July 2011, more than one year after he filed his answer, Haroutoonian entered a written stipulation settling the case, apparently without raising any objection that plaintiff lacked the capacity to sue based on noncompliance with the FBN statutes.

Finally, on February 5, 2013 (i.e., after an additional one and one-half years had passed, and about one week before plaintiff filed its section 664.6 motion), Haroutoonian filed a case management statement (and an accompanying declaration of counsel), in

which he again did not object to plaintiff's use of an FBN in the lease or in the stipulation. Instead, in these filings, Haroutoonian confirmed he had entered a settlement with plaintiff, had failed to pay the amounts due under the settlement, and did not oppose the entry of judgment for plaintiff pursuant to the settlement. Haroutoonian's counsel stated in his declaration that: (1) he believed Haroutoonian had no defense to the entry of judgment for plaintiff, (2) Haroutoonian "remains bound by and does not contest the settlement," and (3) "Haroutoonian and I remain ready, willing, and able to abide by the settlement, including accepting and not contesting Shaheen Dublin's entry of Judgment pursuant to the settlement . . . ." Similar statements appear in Haroutoonian's case management statement. Haroutoonian then raised the FBN issue for the first time in his March 14, 2013 opposition to plaintiff's section 664.6 motion.

When a defendant fails to assert a "plea in abatement" such as lack of capacity to sue at the outset of litigation, " ' " 'the court will be rarely justified in permitting the defense to be made later.' " ' " (*V & P Trading Co., Inc. v. United Charter, LLC, supra,* 212 Cal.App.4th at p. 137.) Because Haroutoonian entered a written settlement of the case in July 2011 without raising the lack of capacity defense, expressly confirmed in February 2013 that he had no objection to the entry of judgment for plaintiff, and did not raise the defense until March 2013 (nearly three years after the action was filed) and only then in opposition to plaintiff's section 664.6 motion, we conclude Haroutoonian was not entitled to raise plaintiff's lack of capacity as a basis for opposing the section 664.6 motion. (See *V & P Trading Co., Inc. v. United Charter, LLC, supra,* at p. 137 [defendant could not raise plaintiff's lack of capacity to sue as a basis for opposing motion to compel discovery, where defendant did not plead that defense in its answer and did not raise it for more than nine months after the action was commenced].)

*Hand Rehabilitation Center v. Workers' Comp. Appeals Bd.* (1995) 34 Cal.App.4th 1204 (*HRC*), on which Haroutoonian relies, does not establish his objection was timely. In *HRC*, the appellate court upheld the Workers' Compensation Appeals Board's (WCAB) decision to reject a medical provider's lien claim because the provider (HRC) failed to file an FBN statement after the workers' compensation judge gave it 45

4

days to do so.  (*HRC, supra,* 34 Cal.App.4th at pp. 1207–1208, 1209, 1213–1215.)  The appellate court rejected HRC's argument that the employer in the workers' compensation proceeding had waived the FBN issue by failing to raise it in its "first objection letter"; the court stated "no authority" required raising the issue at that time.  (*Id.* at p. 1215.)  Here, in contrast, the principle that a defendant in a civil action must raise the defense of lack of capacity to sue in a demurrer or answer "derives from the governing provisions in the Code of Civil Procedure."[4]  (*V & P Trading Co., Inc. v. United Charter, LLC, supra,* 212 Cal.App.4th at pp. 133–134, citing §§ 430.10, subd. (b), 430.30, subds. (a) & (b), 430.80, subd. (a).)  Further, while the *HRC* court concluded the employer raised the FBN issue in a timely manner (i.e., "well before the lien hearing") (*HRC, supra,* 34 Cal.App.4th at p. 1215), Haroutoonian waited nearly three years after the action was filed to raise the FBN issue (in his March 14, 2013 opposition to the section 664.6 motion).  We reject Haroutoonian's suggestion that he was entitled to raise the FBN issue at any time before the March 26, 2013 hearing on that motion.

Haroutoonian also suggests his objection was timely because the trial court raised the FBN issue.  In a January 22, 2013 order, the trial court stated that, based on the complaint's allegations, it was uncertain whether plaintiff had standing to sue and whether the FBN statutes applied to the defendants named in the complaint.  But the court's references to these potential issues did not preclude the court from ultimately determining that Haroutoonian's March 2013 objection based on the FBN statutes was untimely, especially given that, *after* the court's January 22, 2013 order, Haroutoonian and his counsel filed the February 5, 2013 case management statement and declaration confirming Haroutoonian had no objection to the entry of judgment for plaintiff.

---

[4] We note the appellate court in *HRC* held the WCAB was a "court" and therefore Business and Professions Code section 17918 (which prohibits maintaining an action in "court") applied (*HRC, supra,* 34 Cal.App.4th at p. 1214), but the appellate court did not discuss or apply the above provisions of the Code of Civil Procedure.

5

**B.     Attorney Fees and Sanctions**

Plaintiff requests appellate attorney fees based on provisions of the lease and the stipulation.  When a statute or contract authorizes the prevailing party to recover attorney fees, that party is entitled to attorney fees incurred at trial and on appeal.  (*Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.* (2012) 211 Cal.App.4th 230, 250.)  Plaintiff may file in the trial court a motion for appellate attorney fees, and the trial court shall consider whether plaintiff is entitled to attorney fees on appeal and, if so, the amount.  (See *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2005) 129 Cal.App.4th 1228, 1267 [directing trial court to make these determinations].)

Plaintiff also requests sanctions on the ground this appeal is frivolous.  But plaintiff has not filed a separate sanctions motion as required by California Rules of Court, rule 8.276(b)(1).  "Sanctions cannot be sought in the respondent's brief."  (*Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 919.)  We deny the sanctions request.

## III. DISPOSITION

The judgment is affirmed. Plaintiff shall recover its costs on appeal. Upon a motion filed by plaintiff, the trial court shall determine whether plaintiff is entitled to attorney fees on appeal and, if so, the amount.

_____
Becton, J.*

We concur:

_____
Margulies, Acting P.J.

_____
Dondero, J.

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.