[No. B086422. Second Dist., Div. Five. Apr. 30, 1996.]

COLOR-VUE, INC., et al., Plaintiffs and Appellants, v.
MICHAEL L. ABRAMS et al., Defendants and Respondents.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 2 and 3.

**COUNSEL**

Kaplan, Kenegos & Kadin and D. Scott Kadin for Plaintiffs and Appellants.

Michael L. Abrams and James M. Leonard, in pro. per., for Defendants and Respondents.

**OPINION**

**ARMSTRONG, J.**—This is an appeal from the dismissal of an action on the date set for trial, granted on the basis of a claim that a corporation's failure to pay its franchise taxes deprived the corporation of standing to sue or defend. The claim was first raised on that date. The corporation also appeals from a default judgment entered against it on the same ground in a

consolidated action. Because a corporation's failure to pay its franchise taxes results in a lack of capacity to sue or defend, not a lack of standing, and because respondents did not timely raise the plea in abatement of lack of capacity, we reverse the judgments and remand for further proceedings.[1]

*Facts*

Respondents Michael Abrams and James Leonard are former attorneys for appellant Color-Vue, Inc. On July 11, 1991, Abrams sued Color-Vue and its directors, appellants Joan Webb, Keith Harrison, Douglas LaPlante, and James Burt, in municipal court for unpaid legal fees. On May 14, 1992, Color-Vue sued Abrams and Leonard in superior court for legal malpractice. Leonard cross-claimed for unpaid legal fees. The two cases were consolidated in superior court on November 2, 1992.

Trial of the consolidated actions was set for April 26, 1994. The matter was trailed to May 2, then trailed again until May 9, and finally set for trial on May 11, 1994.

On May 11, after Color-Vue announced that it was ready for trial, Abrams moved to dismiss Color-Vue's action on the ground that Color-Vue had been suspended by the Secretary of State on December 1, 1992, for failure to pay its franchise taxes. Although the certificate of suspension produced by Abrams was dated March 21, 1994, Abrams had not included this motion to dismiss in the April 25, 1994, pretrial conference report as he was required to do by the terms of the report. Color-Vue moved for a continuance so that it could pay its taxes and have its corporate powers revived. The trial court denied Color-Vue's motion and granted Abrams's motion to dismiss Color-Vue's complaint. Leonard then dismissed his cross-complaint in the Color-Vue action. Abrams dismissed Color-Vue's directors from his action. The court then permitted Abrams to prove up his case against Color-Vue as an uncontested matter. The trial court entered judgment against Color-Vue on Abrams's complaint in the amount of $15,877.16 plus interest.

Color-Vue paid its franchise taxes and obtained a certificate of revivor dated May 26, 1994. The trial court's judgment was entered on May 27, 1994. Thus, Color-Vue was in good standing at the time the court entered its judgment.

---

[1] In the unpublished portion of this opinion, we dismiss the appeals of appellants Webb, Harrison, LaPlante, and Burt.

On June 27, 1994, Color-Vue moved the trial court to set aside the dismissal pursuant to Code of Civil Procedure section 473. The motion was denied and this appeal followed.[2]

## Discussion

### 1.  Color-Vue's action

When respondents first raised the issue of Color-Vue's corporate suspension, Color-Vue stated its intention to pay the back taxes and to obtain a certificate of revivor, and requested a short continuance of the trial date to enable it to do so. Color-Vue claims that the trial court abused its discretion in denying the motion for continuance, granting respondents' motion to dismiss, and permitting respondent Abrams to proceed with a default prove-up. We agree, particularly in light of the fact that Color-Vue in fact paid its taxes and obtained a certificate of revivor within two weeks of the issue first being raised. Indeed, we note that Color-Vue was in good standing at the time the trial court entered its judgment.

Generally, the power to determine when a continuance should be granted is within the discretion of the trial court. (*Lucas* v. *George T. R. Murai Farms, Inc.* (1993) 15 Cal.App.4th 1578, 1586 [19 Cal.Rptr.2d 436].) "A trial court's exercise of discretion will be upheld if it is based on a 'reasoned judgment' and complies with the '. . . legal principles and policies appropriate to the particular matter at issue.'" (*Bullis* v. *Security Pac. Nat. Bank* (1978) 21 Cal.3d 801, 815 [148 Cal.Rptr. 22, 582 P.2d 109, 7 A.L.R.4th 642].)

We do not believe that the trial court complied with the legal principles and policies applicable to the matter at issue. Respondents asserted, and the trial court apparently believed, that Color-Vue was required to prove that it was in good standing as part of its case, that Color-Vue was therefore not ready for trial, that this unreadiness was attributable to a lack of diligence on the part of Color-Vue's counsel, and that respondents had no duty to raise the issue of Color-Vue's suspension before the day of trial. As we explain in more detail below, respondents were incorrect in every respect.

Respondents' arguments are based on their belief that Color-Vue's suspension for failure to pay its taxes deprived Color-Vue of standing to prosecute its action. Respondents are mistaken. Suspension of corporate

---

[2]Color-Vue's May 26, 1994, certificate of revivor is part of the record on this appeal. Respondents do not claim that Color-Vue has been suspended since receiving that certificate.

powers results in a lack of *capacity* to sue, not a lack of *standing* to sue.[3] (See *Hydrotech Systems, Ltd.* v. *Oasis Waterpark* (1991) 52 Cal.3d 988, 994, fn. 4 [277 Cal.Rptr. 517, 803 P.2d 370]; *Traub Co.* v. *Coffee Break Service, Inc.* (1967) 66 Cal.2d 368, 370 [57 Cal.Rptr. 846, 425 P.2d 790].)

■ "There is a difference between the *capacity* to sue, which is the right to come into court, and the *standing* to sue, which is the right to relief in court." (*Friendly Village Community Assn., Inc.* v. *Silva & Hill Constr. Co.* (1973) 31 Cal.App.3d 220, 224 [107 Cal.Rptr. 123, 69 A.L.R.3d 1142].) "Incapacity is merely a legal disability, such as infancy or insanity, which deprives a party of the right to come into court. The right to relief, on the other hand, goes to the existence of a cause of action. It is not a plea in abatement, as is lack of capacity to sue." (*Parker* v. *Bowron* (1953) 40 Cal.2d 344, 351 [254 P.2d 6].)[4] Our Supreme Court has specifically stated that "a plea of lack of capacity of a corporation to maintain an action by reason of a suspension of corporate powers for nonpayment of its taxes 'is a plea in abatement which is not favored in law [and] is to be strictly construed . . . .' " (*Traub Co.* v. *Coffee Break Service, Inc., supra*, 66 Cal.2d at p. 370.)

The distinction is significant because a plea in abatement such as lack of capacity to sue "must be raised by defendant at the earliest opportunity or it is waived. . . . The proper time to raise a plea in abatement is in the original answer or by demurrer at the time of the answer. [Citation.] It is a technical objection and must be pleaded specifically. Thus an affirmative defense or demurrer which contains a general assertion that plaintiff has not stated a cause of action does not suffice to raise a plea in abatement. [Citations]." (*Vitug* v. *Griffin* (1989) 214 Cal.App.3d 488, 493-494 [262 Cal.Rptr. 588]; *Horsemen's Benevolent & Protective Assn.* v. *Valley Racing Assn.* (1992) 4 Cal.App.4th 1538, 1550, fn. 6 [6 Cal.Rptr.2d 698].)[5] Lack of standing, by contrast, is not waived by failure to timely object. (*Parker* v. *Bowron, supra*, 40 Cal.2d at p. 351.) Indeed, lack of standing to sue can be raised at any time, even for the first time on appeal. (See *Common Cause* v. *Board of Supervisors* (1989) 49 Cal.3d 432, 438-439 [261 Cal.Rptr. 574, 777 P.2d 610].)

■ Based on their incorrect belief that corporate suspension resulted in a lack of standing, respondents argued that Color-Vue was required to prove

---

[3]Respondents' confusion may have arisen from the fact that a suspended corporation is often described as "not in good standing" with the State of California or the Secretary of State.

[4]A plaintiff lacks standing to sue if, for example, it not is a real party in interest. (*Friendly Village Community Assn., Inc.* v. *Silva & Hill Constr. Co., supra*, 31 Cal.App.3d at p. 224.)

[5]Where, as here, the suspension occurred after the time to demur or answer had passed, respondents should have moved the court for leave to file an amended answer asserting the plea. (See *Tingley* v. *Times Mirror* (1907) 151 Cal. 1, 12-13 [89 P. 1097].)

that it was in good standing with the Secretary of State. Again, respondents are mistaken. Unless required by a governing statute, a plaintiff's capacity to sue is not an element of a cause of action. (*Hydrotech Systems, Ltd.* v. *Oasis Waterpark, supra,* 52 Cal.3d at p. 994, fn. 4.) A plaintiff corporation need not allege that it has qualified to do business in California or that it has paid all of its state taxes. (*Ibid.; Alaska Salmon Co.* v. *Standard Box Co.* (1910) 158 Cal. 567, 570 [112 P. 454].) An allegation by a plaintiff that it is a corporation is sufficient to show that it has the general capacity to sue. (*Friendly Village Community Assn., Inc.* v. *Silva & Hill Constr. Co., supra,* 31 Cal.App.3d at p. 224.)

Since lack of capacity to sue was not an element of Color-Vue's action but rather was a plea in abatement, respondents were required to raise the plea at the earliest opportunity. Here, respondents knew on or about March 21, 1994, at the latest, that Color-Vue had been suspended by the Secretary of State. Respondents failed to raise the issue in the April 25, 1994, pretrial conference report which required the parties to list all affirmative defenses which they intended to pursue at trial and all pretrial motions which they intended to make. The trial date, originally set for April 26, 1994, was continued three times before it was finally set for trial on May 11, 1994. Respondents did not raise the issue of Color-Vue's suspension during that period of continuances. Respondents had ample opportunity to raise the issue of Color-Vue's suspension before the commencement of trial. They chose, however, to wait until May 11, 1994, after Color-Vue had announced that it was ready for trial, to make their motion to dismiss on the basis of Color-Vue's suspension. Their only explanation for this delay was that they had no duty to raise the issue before trial. Their unnecessary delay waived the plea.

Once a plea in abatement is waived " 'the court will be rarely justified in permitting the defense to be made later.' " (*Kelley* v. *Upshaw* (1952) 39 Cal.2d 179, 189 [246 P.2d 23].) In the unusual circumstance where a corporation announces that it does not intend to pay its delinquent taxes, the trial court may properly relieve a defendant from his waiver and permit him to assert the corporation's lack of capacity to sue. (See *Gar-Lo, Inc.* v. *Prudential Sav. & Loan Assn.* (1974) 41 Cal.App.3d 242, 244 [116 Cal.Rptr. 389].) Here, however, Color-Vue clearly stated its intention to pay its delinquent taxes. Indeed, Color-Vue obtained a certificate of revivor two weeks after respondents first raised the issue of overdue taxes and was in good standing when the trial court entered its judgment. The trial court simply overlooked the fact that the "main purpose of the statutory suspension is to collect a tax," and that respondents are "only . . . incidental beneficiar[ies] of that law." (*Ibid.*) Given Color-Vue's willingness to pay taxes, the trial court had no basis for relieving respondents from their waiver of the plea.

We conclude, for the reasons stated above, that the trial court abused its discretion in denying Color-Vue's request for a continuance. As noted above, lack of capacity to sue is a technical objection which must be pled specifically. Color-Vue was entitled to rely on respondents' silence on this issue. It was respondents who lacked diligence, not Color-Vue.[6] The court should have granted Color-Vue a continuance to enable it to pay its back taxes and then permitted Color-Vue to prosecute its action and to defend in the Abrams action and the Leonard cross-action.[7]

2., 3.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

### Disposition

The judgments are reversed and this matter is remanded for further proceedings. The appeals of appellants Webb, Harrison, LaPlante, and Burt are dismissed. Respondents to bear costs on appeal.

Turner, P. J., and Godoy Perez, J., concurred.

---

[6]Although a plaintiff in *Old Fashion Farms* v. *Hamrick* (1967) 253 Cal.App.2d 233 [61 Cal.Rptr. 254] was characterized as lacking diligence in failing to ensure that its taxes were paid by the time of trial, the trial court explained its denial of the plaintiff's request for a continuance to pay delinquent taxes by stating that " 'the Complaint here at best is questionable.' " (*Id.* at p. 236.) The Court of Appeal reviewed the contract alleged in the complaint, determined that it was not viable, and found that under those circumstances the trial court did not abuse its discretion in denying the continuance. (*Ibid.*) Here, the trial court made no finding as to the viability of Color-Vue's complaint.

[7]The court could also have reserved ruling on respondents' motion to dismiss and let the trial proceed on the understanding that judgment would be entered only after Color-Vue presented a certificate of revivor. (See *Duncan* v. *Sunset Agricultural Minerals* (1969) 273 Cal.App.2d 489, 493 [78 Cal.Rptr. 339].)

*See footnote, *ante,* page 1599.