Filed 10/19/20  Astra Pacific Outdoor v. Sipperley CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ASTRA PACIFIC OUTDOOR, LLC,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>RAYMOND SIPPERLEY,<br><br>Defendant and Respondent. | B300105<br><br>(Los Angeles County<br>Super. Ct. No. BC707754) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael P. Linfield, Judge.  Reversed and remanded with directions.

Gary S. Mobley for Plaintiff and Appellant.

The Law Offices of Nigel Burns, Nigel Burns and Nicholas Stahl for Defendant and Respondent.

_____

Plaintiff and appellant Astra Pacific Outdoor, LLC (Astra) appeals an order granting a motion brought by defendant and respondent Raymond Sipperley (Sipperley) pursuant to Code of Civil Procedure section 473, subdivision (d), to vacate as void a $970,920 default judgment that Astra obtained against Sipperley.[1]

The trial court vacated the default judgment on the ground that Astra's corporate status had been suspended by the California Secretary of State before it filed suit against Sipperley, and that Astra was not relieved of the suspension until after the default judgment was entered.

We conclude the trial court erred in vacating the default judgment based on Astra's corporate incapacity because lack of capacity, even if established, is merely a technical objection which is waivable. Lack of capacity is not a jurisdictional defect and therefore is not a basis for setting aside a judgment as void under section 473, subdivision (d).

However, the $970,920 default judgment is void to the extent it exceeded the $700,000 demand in Astra's complaint. Therefore, the order granting Sipperley's motion to vacate the default judgment in its entirety is reversed and the matter is remanded with directions to enter a new default judgment in the amount of $700,000.

---

[1]     Code of Civil Procedure section 473 states in relevant part at subdivision (d):  "The court may, . . . on motion of either party after notice to the other party, set aside any void judgment or order."

All undesignated statutory references are to the Code of Civil Procedure.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Pleadings.*

On May 25, 2018, Astra, a California limited liability company, commenced this action against Sipperley, a New York resident, in the Los Angeles Superior Court. The complaint asserted causes of action for declaratory relief (first cause of action), breach of a partnership agreement (second cause of action), and breach of fiduciary duty (third cause of action).

Astra alleged in relevant part that it had entered into a partnership agreement with Sipperley under which Sipperley was responsible for securing permits for an outdoor advertising sign on a certain property in New York, Astra was responsible for obtaining advertising agreements, and the parties would share on a 50/50 basis the net revenues derived from the sign. However, Sipperley failed to finalize the permits, the building owner brought an unlawful detainer action to evict Astra from the premises, and the New York Department of Building issued an order formally revoking Astra's permits and prohibiting Astra from continuing to place advertising on its sign.

Astra alleged that due to Sipperley's failure to cure the defects in the permits, Astra had been forced to vacate the premises and has lost the right to maintain the sign, valued at a minimum of $650,000, and had also incurred incidental damages of $50,000 in attorney fees and costs in defending against the lessor's unlawful detainer action.

Astra further pled that in September 2016, despite failing to serve Astra with the summons and complaint, Sipperley obtained a judgment against Astra in New York in the amount of $320,365 plus costs (the New York judgment), and that in 2017 Sipperley had registered the judgment in California, with the

California judgment amounting to $346,244.49, including interest and filing fees.

By way of relief, on the first cause of action Astra sought a judicial declaration that the New York judgment and the related California judgment were void. As for damages, on both the second and third causes of action, Astra sought "general damages . . . in an amount not less than $650,000.00" and "incidental damages . . . in an amount not less than $50,000.00."

2. *Sipperley's default and his earlier attempts to have the default set aside.*

On December 1, 2018, Astra personally served Sipperley with the summons and complaint in New York.[2]

Sipperley did not answer the complaint, and on February 5, 2019, pursuant to Astra's request for entry of default, the clerk entered Sipperley's default. That same day, a copy of the request for entry of default was mailed to Sipperley at the address where he was served.

On April 5, 2019, Sipperley entered a special appearance and filed what would be the first of a series of three motions attacking the default and subsequent default judgment. Sipperley's initial motion sought to quash service of summons for lack of personal jurisdiction due to a lack of minimum contacts necessary to subject him, a nonresident, to personal jurisdiction in California. The motion to quash was supported by Sipperley's declaration asserting his lack of contacts with California.

Astra opposed the motion to quash and filed a declaration stating that Sipperley had solicited Astra, a California company, to enter into their partnership agreement, and that Sipperley had

---

[2] Sipperley has not disputed that he was personally served with the summons and complaint.

4

traveled to California to personally negotiate the agreement at Astra's offices in Los Angeles.

The trial court issued a tentative ruling denying the motion to quash. Sipperley's counsel did not appear at the hearing on the motion, and on May 7, 2019, the trial court adopted its tentative ruling as its decision in the matter. The trial court ruled that the entry of Sipperley's default terminated his right to take any further affirmative steps in the litigation until such time as the default is set aside.

On May 6, 2019, one day before the trial court denied the motion to quash, Sipperley filed another motion, captioned a "Motion to Vacate Void Judgment" pursuant to section 473, subdivision (d), on the ground that the request for entry of default was void due to a lack of personal jurisdiction. This motion was based on the same grounds as the motion to quash. Sipperley argued he lacked the minimum contacts necessary to subject him to general personal jurisdiction in California and that his activities were insufficient to subject him to specific personal jurisdiction in California.

On the same date, May 6, 2019, Astra filed a request for entry of a default judgment in the amount of $970,920. On May 13, 2019, the trial court entered a default judgment in that sum pursuant to Astra's written declaration.

On June 18, 2019, Astra filed opposition to Sipperley's pending motion to vacate the default judgment. Astra's papers included the declarations of two members of Astra, namely, Hugo Cabrera and Astred Rodriguez. Their opposing declarations recounted a meeting with Sipperley in 2008, when he visited Astra's offices in Los Angeles to negotiate the partnership agreement.

On July 1, 2019, the trial court denied Sipperley's motion to vacate the default judgment, finding that "Sipperley [purposefully] directed his activities at Astra, a California resident[,] because he solicited, negotiated, and entered into a partnership agreement with Astra by contacting it in California at Astra's office in Los Angeles and this action [for] a breach of the partnership agreement and breach of fiduciary duty directly relate[s] to and arise[s] out of Sipperley's activities in California."

3. *Sipperley's third motion, which is the focus of this appeal.*

On July 5, 2019, Sipperley filed a third motion, similarly captioned "Motion to Set Aside Default Judgment Pursuant to CCP § 473(d)." The trial court's order granting the motion is the subject of this appeal.

In the motion, Sipperley contended the default judgment was void because Astra was a suspended limited liability company as of April 11, 2018, one month before it filed this action against Sipperley, and that it remained suspended by both the California Secretary of State and the California Franchise Tax Board (FTB). Additionally, Sipperley argued the $970,920 default judgment must be set aside as void because it exceeded the $700,000 demand in Astra's complaint.

In opposition, Astra argued that Sipperley lacked standing to raise the issue of Astra's lack of capacity because his default had been entered in the action. However, even if the court were to conclude that Sipperley could raise the issue of Astra's lack of capacity, Sipperley could not prevail on this issue because Astra had paid all past due taxes and had been restored to active status by both the Secretary of State and the FTB, and the reinstatement validated any procedural steps taken by Astra

6

while it was under suspension.  Astra's papers included a Certificate of Revivor from the FTB, which showed that effective July 23, 2019, Astra had been relieved of its suspension and was in good standing, as well as a page from the website of the Secretary of State that similarly showed that Astra had been restored to active status.

With respect to the amount of the default judgment, Astra contended Sipperley could not have been surprised by the amount of the award because Astra's complaint sought "general damages 'in an amount <u>not less than $650,000,</u> according to proof at trial.' "  However, if the court were to conclude that the default judgment exceeded the prayer in Astra's complaint, "the court should reduce the judgment to $700,000, which represents the express amount of general and special damages alleged in the complaint."

On August 6, 2019, after hearing the matter and taking it under submission, the trial court issued an order vacating the default judgment in its entirety because Astra's corporate status was suspended both at the time it commenced the action and at the time it obtained the default judgment.  The trial court concluded:  "[Astra] was suspended by the California Secretary of State on April 11, 2018 before it filed its complaint on May 25, 2018.  [Astra] was not relieved of suspension until July 23, 2019 . . . which was after [the] default judgment was entered on May 13, 2019.  Therefore, [Astra] did not have capacity to file its complaint nor [to] have [a] default judgment entered in its favor."  Accordingly, the trial court granted Sipperley's motion to set aside the default judgment as void, pursuant to section 473, subdivision (d).

7

On August 20, 2019, Astra filed a timely notice of appeal from the order.[3]

**CONTENTIONS**

Astra's sole contention on appeal is that the trial court erred in vacating the default judgment, given the reinstatement of Astra's corporate status.

However, the threshold issue is whether Astra's lack of capacity, even if established, would be a basis for setting aside the default judgment as void, pursuant to section 473, subdivision (d). We also address whether the default judgment is void to the extent it exceeded the demand in Astra's complaint.[4]

**DISCUSSION**

1. *Limitations on setting aside a judgment under section 473, subdivision (d); standard of appellate review.*

"Section 473, subdivision (d), provides a trial court 'may, on motion of either party after notice to the other party, set aside any void judgment or order.' '[I]nclusion of the word "may" in the language of section 473, subdivision (d) makes it clear that a trial court retains discretion to grant or deny a motion to set aside a void judgment [or order].' (*Cruz v. Fagor America, Inc.* (2007) 146

---

[3]    An order granting a statutory motion to vacate or set aside a default judgment is appealable under section 904.1, subdivision (a)(2) as an order made after final judgment. (*County of Stanislaus v. Johnson* (1996) 43 Cal.App.4th 832, 834; see Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2019) ¶¶ 2:165, 2:166.)

[4]    With respect to these latter issues, pursuant to Government Code section 68081, the parties were directed to file supplemental letter briefs, which this court has read and considered.

8

Cal.App.4th 488, 495 [(*Cruz*)].)  *However, the trial court 'has no statutory power under section 473, subdivision (d) to set aside a judgment [or order] that is not void . . . .'*  (*Id.* at pp. 495–496.)  Thus, the reviewing court 'generally faces two separate determinations when considering an appeal based on section 473, subdivision (d): whether the order or judgment is void and, if so, whether the trial court properly exercised its discretion in setting it aside.'  (*Nixon Peabody LLP v. Superior Court* (2014) 230 Cal.App.4th 818, 822.)  *The trial court's determination whether an order is void is reviewed de novo*; its decision whether to set aside a void order is reviewed for abuse of discretion.  (*Ibid.*; see also *Cruz*, at p. 496.)"  (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020, italics added.)

A judgment is void if the court " 'lack[s] fundamental authority over the subject matter, question presented, or party.' "  (*Lee v. An* (2008) 168 Cal.App.4th 558, 565, quoting *In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56; accord, *People v. North River Insurance Co.* (2020) 48 Cal.App.5th 226, 233 [a judgment is void only when the court entering that judgment lacked jurisdiction in a fundamental sense due to the entire absence of power to hear or determine the case resulting from the absence of authority over the subject matter or the parties].)[5]  When the trial court "has jurisdiction over the party and the questions presented, but acts in excess of its defined power, the judgment is [merely] voidable, not void.  (*In re Marriage of Goddard*, *supra*, 33 Cal.4th [at p.] 56.)"  (*Lee v. An*, *supra*,

---

[5]  In the instant case, there is no contention that the trial court lacked subject matter jurisdiction or jurisdiction over the parties.  The issue before us is purely the legal effect of Astra's earlier incapacity.

168 Cal.App.4th at p. 566.)  When a judgment is merely voidable, a party is not entitled to relief under section 473, subdivision (d). (*Lee v. An*, at p. 566.)

2. *Lack of capacity is merely a technical objection that is waived if not properly pled, rather than a basis for setting aside a judgment as void.*

Upon de novo review, as explained below, we conclude the trial court erred as a matter of law in concluding that Astra's lack of capacity at the time it filed suit and at the time it obtained the default judgment rendered the judgment void.  Corporate incapacity is merely a technical objection that is waived if not properly pled, rather than a basis for setting aside a judgment as void.

a. *General principles.*

" 'There is a difference between the *capacity* to sue, which is the right to come into court, and the *standing* to sue, which is the right to relief in court.'  [Citation.]  'Incapacity is merely a legal disability, such as infancy or insanity, which deprives a party of the right to come into court.  The right to relief, on the other hand, goes to the existence of a cause of action.' "  (*Color-Vue, Inc. v. Abrams* (1996) 44 Cal.App.4th 1599, 1604 (*Color-Vue*).) Suspension of corporate powers results in a lack of capacity to sue, rather than a lack of standing to sue.  (*Id.* at pp. 1603–1604.)

A corporation that has had its powers suspended for nonpayment of taxes lacks legal capacity to prosecute or defend a civil action during its suspension.  (*Tabarrejo v. Superior Court* (2014) 232 Cal.App.4th 849, 861–862 (*Tabarrejo*).)  However, " '[c]orporate incapacity is nothing more than a legal disability, depriving the party of the right to come into court and represent its own interests.  *As such, lack of capacity is not a jurisdictional*

10

*defect and is waived if not properly raised.* [Citation.] . . . . Thus, the suspended status of corporate powers at the time of filing suit does not impede the trial court's jurisdiction to proceed, nor does a suspension after suit commences but before rendition of judgment deprive the court of jurisdiction or render the judgment void.' [Citations.]" (*Id.*, at p. 863, italics added; accord, *Traub Co. v. Coffee Break Service, Inc.* (1967) 66 Cal.2d 368, 371 (*Traub*) ["the suspended status of corporate powers at the time of filing of action by a corporation does not affect the jurisdiction of the court to proceed"]; *American Alternative Energy Partners II v. Winridge, Inc.* (1996) 42 Cal.App.4th 551, 559 ["Lack of capacity is not a jurisdictional defect and must be properly raised or the objection may be waived"]; Weil & Brown, et al., Cal. Prac. Guide: Civ. Pro. Before Trial (The Rutter Group 2020) ¶ 2:81 ["lack of capacity is not a jurisdictional defect or an element of a cause of action; it is a technical objection that must be timely raised or is waived"].)[6]

Rather than amounting to a jurisdictional defect, a corporation's incapacity by reason of a suspension of its powers for nonpayment of taxes is merely a plea in abatement. (*Traub, supra,* 66 Cal.2d at p. 370.) Such a plea " 'must be raised by defendant *at the earliest opportunity or it is waived.*' " (*Color-Vue, supra,* 44 Cal.App.4th at p. 1604, italics added; accord, *V & P Trading Co., Inc. v. United Charter, LLC* (2012) 212 Cal.App.4th 126, 133 (*V & P Trading*).) Further, the lack of

---

[6]     Lack of standing, by contrast, is not waived by a failure to timely object, and a plaintiff's lack of standing, which goes to the existence of a cause of action, may be raised at any time, even for the first time on appeal. (*Color-Vue, supra*, 44 Cal.App.4th at p. 1604.)

capacity to sue " 'is a technical objection and must be pleaded specifically.' " (*Color-Vue*, at p. 1604.) The proper time to raise a plea in abatement is in the original answer or by demurrer at the time of the answer. (*Ibid*.)[7]

      b. *Sipperley's objection that Astra lacked the capacity to sue is not cognizable on a motion under section 473, subdivision (d), to set aside the default judgment as void.*

The time for Sipperley to have raised his objection that Astra lacked the capacity to sue would have been in an answer or demurrer to the original complaint. (*Color-Vue, supra*, 44 Cal.App.4th at p. 1604.) However, Sipperley failed to respond to the summons and complaint, resulting in the entry of his default. The clerk's entry of default, unless vacated, permanently precludes the filing of an answer or demurrer. (*Parish v. Peters* (1991) 1 Cal.App.4th 202, 209, fn. 8.) Thus, the entry of default terminated Sipperley's opportunity to file a responsive pleading asserting Astra's lack of capacity.

Having failed to assert Astra's lack of capacity by way of an answer or demurrer, Sipperley moved under section 473, subdivision (d), to set aside the default judgment as void based on Astra's incapacity. However, as we have discussed, incapacity is

---

[7] "A defendant that fails to plead the plaintiff's lack of capacity to sue in its answer at the outset of an action may seek leave to amend the answer to add that objection, but to succeed on such a motion the defendant must make 'some showing tending to relieve it from the effect of the [original] waiver,' such as a showing 'that the defendant had acquired information of the facts subsequent to the filing of the original answer, or, if it then knew of them, its failure to interpose them was inadvertent.' [Citation.]" (*V & P Trading, supra*, 212 Cal.App.4th at p. 134, fn. 2.)

merely a technical objection that is waived if not specifically pled at the outset (*Color-Vue, supra*, 44 Cal.App.4th at p. 1604)—it is not a jurisdictional defect that would be a basis for setting aside a default judgment as void. Therefore, the trial court erred as a matter of law in setting aside the default judgment as void based on Astra's corporate suspension.[8]

However, the issue remains as to whether the default judgment is void insofar as it exceeded the demand in Astra's complaint. We now turn to that issue.

3. *The default judgment is void to the extent it exceeded the $700,000 demand in Astra's complaint.*

    a. *General principles.*

Section 580 provides in relevant part that "[t]he relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint." The primary purpose of this section is to ensure "that defendants in cases which involve a default judgment have adequate notice of the judgments that may be taken against them." (*Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 493 (*Becker*).) A default judgment "that violates section 580 is void as beyond a court's 'fundamental jurisdiction.'" (*Airs Aromatics, LLC v. CBL Data Recovery Technologies, Inc.* (2018) 23 Cal.App.5th 1013, 1022 (*Airs Aromatics*).)

The amount demanded in the complaint is determined both from the prayer and from the damages allegations of the complaint. (*National Diversified Services, Inc. v. Bernstein* (1985)

---

[8]    Because Astra's suspension was not a proper basis for moving to set aside the default judgment as void, it is unnecessary to address whether Astra's revivor retroactively validated the default judgment.

13

168 Cal.App.3d 410, 417–418.)  A complaint's demand for damages "in excess of" a certain sum does not provide notice of unlimited damages.  (*Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1173–1174.)  Thus, for example, a prayer for "damages 'in excess of $20,000' " did not provide adequate notice of defendants' potential liability for $26,457 (*Becker*, *supra*, 27 Cal.3d at pp. 493–494), and an allegation of damages exceeding the $25,000 jurisdictional threshold supports a default judgment only up to that amount.  (*Air Aromatics*, *supra*, 23 Cal.App.5th at pp. 1018–1019.)

However, a default judgment is void only as to the excess amount.  (*Becker*, *supra*, 27 Cal.3d at pp. 494–495.)  "Ordinarily when a judgment is vacated on the ground the damages awarded exceeded those pled, the appropriate action is to modify the judgment to the maximum amount warranted by the complaint." (*Ostling v. Loring* (1994) 27 Cal.App.4th 1731, 1743, italics omitted; see Weil & Brown et al., *supra*, ¶ 5:257.)

b.  *The complaint's demand for damages warrants a default judgment in the reduced amount of $700,000.*

On the first cause of action, which sought *declaratory relief*, Astra sought a judicial determination that Sipperley's $320,365 New York judgment, and the companion California judgment, were "void, invalid and unenforceable and should be vacated and set aside" because Sipperley failed to serve Astra with a copy of the summons and complaint in the New York action.

On both the second and third causes of action, in which Astra pled claims against Sipperley for breach of partnership agreement and breach of fiduciary duty, Astra sought "general damages . . . in an amount not less than $650,000.00" and "incidental damages . . . in an amount not less than $50,000.00."

14

These figures appeared both in the substantive allegations of the complaint and in the prayer. The $650,000 represented Astra's alleged damages resulting from the loss of the right to maintain an outdoor advertising sign on the subject property, and the $50,000 represented Astra's alleged damages consisting of the attorney fees and costs that Astra incurred in defending against the New York landlord's unlawful detainer action. Thus, the maximum amount of damages warranted by the complaint is $700,000.

However, in its request for entry of a default judgment, Astra requested $970,920, including $320,565 to compensate Astra for the New York judgment that Sipperley had obtained.[9] The trial court entered the default judgment as requested, in the amount of $970,920.

In light of the amount Astra demanded in its complaint, as determined both from the prayer and from the damages allegations (*National Diversified Services, Inc. v. Bernstein*, *supra*, 168 Cal.App.3d at pp. 417–418), the default judgment was excessive. The trial court erred in including the amount of the New York judgment in the amount of damages that it awarded to Astra because Astra's complaint did not seek an award of damages on account of the New York judgment. With respect to the New York judgment, Astra's complaint solely requested a judicial declaration that the New York judgment was "void, invalid and unenforceable."

---

[9] We note that in moving to set aside the default judgment below, Sipperley asserted that Astra had never paid the $320,565 New York judgment and therefore Astra could not claim that it had sustained special damages as a consequence of the New York judgment. That issue is beyond the scope of this appeal.

As we have determined, the maximum amount of damages warranted by Astra's complaint is $700,000: $650,000 for the loss of the right to maintain the sign; and $50,000 for the expense of defending against the unlawful detainer action. On remand, the trial court is directed to enter a new default judgment in that reduced amount. (*Becker*, *supra*, 27 Cal.3d at p. 495; *Ostling v. Loring*, *supra*, 27 Cal.App.4th at p. 1743.)[10]

---

[10] As noted, in its opposition below to Sipperley's motion to vacate the default judgment, Astra argued that if the court were to conclude that the default judgment exceeded the prayer in Astra's complaint, "the court should reduce the judgment to $700,000, which represents the express amount of general and special damages alleged in the complaint."

## DISPOSITION

The August 6, 2019 order granting Sipperley's motion to vacate the default judgment in its entirety is reversed and the matter is remanded to the trial court with directions to enter a new default judgment in the amount of $700,000, consistent with the demand in Astra's complaint. The parties shall bear their respective costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

DHANIDINA, J.